```
        IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT BLUEFIELD
```

**UNITED STATES OF AMERICA**

v.                                    CRIMINAL NO. 1:16-00223

**ERIC THOMAS MYERS**

<u>MEMORANDUM OPINION AND ORDER</u>

In Charleston, on May 30, 2017, came the defendant, in person and by counsel, E. Ward Morgan; came the United States by Willard Carte, Assistant United States Attorney; and came Senior United States Probation Officer Brett S. Taylor, for a hearing on the petition to revoke the defendant's term of supervised release.

The court informed the defendant of the alleged violations contained in the petition to revoke the term of supervised release, filed on May 8, 2017. The court found that the defendant had received written notice of the alleged violations as contained in the petition and that the evidence against the defendant had been disclosed. The court advised the defendant that, pursuant to Rule 32.1(b) of the Federal Rules of Criminal Procedure, he has the right to a hearing and assistance of counsel before his term of supervised release could be revoked.

Defendant denied the conduct as alleged in the petition. The government offered the testimony of Beverly K. Smith and Brett S. Taylor as evidence in support of the allegation contained in the petition. Defendant testified on his own

behalf.  After consideration of the foregoing evidence, the court found that the charge was established by a preponderance of the evidence.

The court found that the Guideline imprisonment range for the revocation of supervised release upon such grounds was six to twelve months.  The court further found that the Guideline ranges issued by the Sentencing Commission with respect to revocation of probation and supervised release are policy statements only and are not binding on the court.  Thus, the court stated that the relevant statutory provision is 18 U.S.C. § 3583(e)(3), which provides a maximum term of imprisonment of sixty months.  Neither party objected to the Guideline range and statutory penalty as determined by the court.

The court found that there was sufficient information before the court on which to sentence the defendant without updating the presentence investigation report.

After giving counsel for both parties and the defendant an opportunity to speak regarding the matter of disposition, the court **ORDERED**, pursuant to the Sentencing Reform Act of 1984, that the defendant's term of supervised release be revoked, and that he be incarcerated for a period of six (6) months on each of Counts One, Four, and Six, sentences to run concurrently.  The court recommended that defendant be incarcerated at FCI Butner.  The court further recommended that defendant NOT be incarcerated

at FCI Beckley.  The court also imposed a term of supervised release of thirty-six (36) months on Count Six only following the defendant's period of incarceration.  During his period of supervised release, defendant shall comply with the standard conditions of supervised release adopted by this court, as well as any previously-imposed special conditions.  The court also imposed the additional special conditions of supervised release:

1. Defendant is to reside at a halfway house in the Southern District of West Virginia for a period of six months; and
2. The defendant shall adhere to all rules and regulations of the halfway house while he is a resident there.

The court also ordered defendant to pay the unpaid portion of the previously-imposed order of restitution.

In considering the proper term of imprisonment to be imposed, the court considered the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), as well as the Chapter 7 policy statements and concluded that the sentence imposed is an appropriate sanction for the defendant's breach of trust, taking into account the nature and circumstances of the offense and the history and characteristics of the defendant.  The court further concluded that the sentence imposed will provide adequate deterrence to

criminal conduct and protect the public from further crimes of the defendant.

The defendant was informed of his right to appeal. The defendant was further informed that in order to initiate such an appeal, a Notice of Appeal must be filed in this court within fourteen (14) days. The defendant was advised that if he wishes to appeal and cannot afford to hire counsel to represent him on appeal, the court will appoint counsel for him. The defendant was further advised that if he so requests, the Clerk of Court will prepare and file a Notice of Appeal on his behalf.

The defendant was remanded to the custody of the United States Marshals Service.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to counsel of record, the United States Marshal for the Southern District of West Virginia, and the Probation Department of this court.

It is **SO ORDERED** this 7th day of June, 2017.

ENTER:

*David A. Faber*
David A. Faber
Senior United States District Judge